IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **QBE INSURANCE CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **7:08-cv-1788-UWC** |
| **MARGARET JONES d/b/a JONES** ) | |
| **INSURANCE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION ON JURISDICTION

With its limited jurisdiction, a federal court is always obligated to consider, *sua sponte.* whether it is authorized to proceed in a case. raise questions concerning jurisdiction *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte.*"). In determining federal jurisdiction in a diversity action[1], "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life*

---

[1] The diversity statute confers on district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – ...citizens of different states[.]" 28 U.S.C. § 1332(a).



*Ins. Co. of Am.*, 511 U.S. 375 (1994).

In this declaratory judgment action, Plaintiff QBE Insurance Corporation ("QBE") seeks a declaration that it has no duty to defend and indemnify its insured, Defendant Margaret Jones d/b/a/ Jones Accounting Service, Incorporated, in an Alabama state court for negligence, fraud and breach of contract.

Indubitably, QBE and Jones are of diverse citizenship.

In the state court action, seeks to recover roughly $2,000 for court costs and professional accounting services rendered to Dr. Douglas Brown ("Brown") d/b/a The Meghan John. (Compl. at Ex. A.) Brown has filed a counterclaim against Jones, alleging that her negligence, fraud, and breach of contract resulted in the assessment against him of an additional $6,000 in taxes, and penalties and interest approximating $3,200. (Doc. 1-3, ¶ 9.) Brown seeks compensatory damages of $10,000. (Doc. 1-3, ¶3.)

There is no indication in either the complaint or the counterclaim that the amount in controversy exceeds $75,000.

Nonetheless, QBE alleges in this Court that "the amount in controversy exceeds $75,000, "based on information and belief." (Compl. ¶ 3.)

Unfortunately for QBE, information and belief are not sufficient to establish

that the requisite jurisdictional amount is satisfied.[2]

Accordingly, by separate order this action will be dismissed without prejudice.

_____
U.W. Clemon
United States District Judge

---

[2] The Court notes that QBE did not include the *ad damnum* clause of Brown's counterclaim. See, Doc. 1-3. On the adverse inference, the Court assumes that the counterclaim does not seek a specified amount in damages. Where a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated on other grounds).